UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL JONES BENNETT,

       Petitioner,                       Case No. 13-14996

v.

                                    Honorable Patrick J. Duggan

KENNETH ROMANOWSKI,

       Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO DISMISS AND DISMISSING HABEAS PETITION WITHOUT PREJUDICE

Petitioner is a Michigan prisoner currently incarcerated at the Macomb Correctional Facility in New Haven, Michigan. On December 10, 2013, Petitioner filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his conviction in 2011 for felony murder, premeditated murder, and assault with intent to commit murder. Petitioner is serving a life sentence for the murder conviction and 30 to 60 years for the assault conviction. Presently before the Court is Petitioner's motion to dismiss his habeas petition without prejudice.

After he was convicted and sentenced by the state trial court, Petitioner filed a direct appeal claiming that his trial counsel should have moved to disqualify the trial judge who knew that Petitioner had been willing to plead guilty to second-degree murder. The Michigan Court of Appeals found no merit in this claim, but

remanded the case to the trial court to amend the judgment of sentence to reflect a single conviction for first-degree murder, supported by two theories, and a single sentence for first-degree murder. *See People v. Bennett*, No. 307452, 2013 WL 967583 (Mich. Ct. App. Mar. 7, 2013). On September 3, 2013, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issue. *See People v. Bennett*, 495 Mich. 853, 835 N.W.2d 581 (2013).

Petitioner then filed his habeas petition in this Court, along with a motion to hold the petition in abeyance while he pursued additional post-conviction remedies in state court. On February 12, 2014, the Court denied Petitioner's motion for a stay and abeyance of his habeas proceedings because only a fraction of the applicable one-year limitations period for habeas petitions had run. The Court stated in its order that, if Petitioner wished to have the Court dismiss his habeas petition so that he could pursue additional remedies in state court, he could move for a non-prejudicial dismissal of his habeas petition within thirty days of the date of the Court's order.

On March 12, 2014, Petitioner filed the pending motion to dismiss his habeas petition without prejudice so he can file a motion for relief from judgment in the state trial court. He indicates that it is his intent to give the state courts a fair opportunity to pass on additional claims before presenting the claims to this Court.

He further alleges that he is not trained in the complexities of the legal system and did not discover the new issues until now.

Petitioner is required to fairly present all his claims to the state courts before raising them in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); *Nali v. Phillips*, 681 F.3d 837, 851 (6th Cir.), *cert. denied*, __ U.S. __, 133 S. Ct. 535 (2012). In denying Petitioner's request to stay this case while he exhausts claims in the state courts, this Court concluded that a dismissal of the habeas petition will not unreasonably impair Petitioner's right to obtain federal relief.[1]

Accordingly,

**IT IS ORDERED**, that Petitioner's motion to dismiss his habeas petition without prejudice (ECF No. 9) is **GRANTED**;

**IT IS FURTHER ORDERED**, that Petitioner's application for habeas corpus relief pursuant to 28 U.S.C. § 2254 is **DISMISSED WITHOUT PREJUDICE**.

Dated: April 17, 2014          s/PATRICK J. DUGGAN
                               UNITED STATES DISTRICT JUDGE

---

[1]The Court reminds Petitioner that if he is unsuccessful before the state courts and wishes to file a new federal habeas corpus petition, he remains subject to the applicable statute of limitations. He therefore must file such a petition promptly after he exhausts his claims in the state courts.

Copy to:
Carl Jones Bennett, #575289
Macomb Correctional Facility
34625 26 Mile Road
New Haven, MI 48048